UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CRIMINAL NO. 11-20548

v.                                       HON. SEAN F. COX

GEORGE ARTHUR DODSON III,

        Defendant.

_____/

## GOVERNMENT'S TRIAL BRIEF

I
STATEMENT OF THE CHARGES

Defendant George Arthur Dodson is charged in a First Superseding Indictment with 151 counts related to machine guns and a silencer. Specifically, the indictment charges:

| Number of Counts | Name of Violation | Code Section |
|---|---|---|
| 48 | Unlawful possession of a machine gun | 18 U.S.C. § 922(o) |
| 2 | Unlawful transfer of a machine gun | 18 U.S.C. § 922(o) |
| 49 | Possession of an unregistered machine gun | 26 U.S.C. § 5861(d) |
| 46 | Possession of machine guns unidentified by a serial number | 26 U.S.C. § 5861(i) |
| 1 | Manufacturing firearms without a license | 18 U.S.C. § 922(a)(1)(A) |
| 1 | Dealing in firearms without a license | 18 U.S.C. § 922(a)(1)(A) |
| 1 | Failure to pay a special occupational tax | 26 U.S.C. § 5861(a) |
| 1 | Failure to register as a dealer or manufacturer of firearms | 26 U.S.C. § 5861(a) |
| 1 | Possession of an unregistered silencer | 26 U.S.C. § 5861(d) |
| 1 | Possession of a silencer unidentified by a serial number | 26 U.S.C. § 5861(i) |

Today, the government filed an unopposed motion to dismiss certain of the above counts in the indictment in order to streamline the jury trial scheduled for next week. Under the proposed amended indictment, Dodson faces 100 counts, summarized below:

| Number of Counts | Name of Violation | Code Section |
|---|---|---|
| 48 | Unlawful possession of a machine gun | 18 U.S.C. § 922(o) |
| 2 | Unlawful transfer of a machine gun | 18 U.S.C. § 922(o) |
| 1 | Possession of an unregistered machine gun | 26 U.S.C. § 5861(d) |
| 46 | Possession of machine guns unidentified by a serial number, or with an obliterated serial number | 26 U.S.C. § 5861(h)-(i) |
| 1 | Manufacturing firearms without a license | 18 U.S.C. § 922(a)(1)(A) |
| 1 | Dealing in firearms without a license | 18 U.S.C. § 922(a)(1)(A) |
| 1 | Possession of a silencer unidentified by a serial number | 26 U.S.C. § 5861(i) |

II
STATEMENT OF THE FACTS

In March 2010, the FBI executed a search warrant in Clayton, Michigan, relating to a Michigan Militia group known as the "Hutaree." Dozens of firearms were seized during the search warrant execution. Among the weapons recovered were several machine guns. One of those machine guns was an AR-15 style semi-automatic rifle that had been converted into a fully automatic machine gun by use of a Drop-In Auto Sear ("DIAS"). A DIAS is a small metal device, composed of four parts, that is used in converting a semi-automatic firearm into a fully automatic machine gun. The DIAS in the Hutaree gun was stamped with the initials "SPO." Defendant George Dodson owns and is the sole operator of Su-Press-On, Inc., or "SPO" for short, where he makes and distributes DIASs. During the search of the trailer in Clayton, Michigan, in March 2010, agents found a napkin containing the words "Su-Press-On" and Dodson's phone number.

An investigation into Su-Press-On followed. First, the FBI conducted surveillance on Dodson, which showed that he lived at an apartment in Dearborn, Michigan, and mailed his DIASs using the United States Post Office. Second, in March 2011, the ATF used an undercover persona to purchase a DIAS from Dodson by answering Dodson's advertisement in the popular magazine, "The Shotgun News." The cost of the DIAS was $105, paid using a money order. Dodson sent the undercover ATF agent a DIAS that bore no serial number. Third, two ATF agents surveilled Dodson at the Knob Creek machine gun shoot in April 2011. The agents video-recorded their brief interaction with Dodson at the Knob Creek shoot. Finally, bank records subpoenas showed Dodson depositing many money orders (usually in the amount of $105 or some variation thereof) into his business banking account at Comerica. Among the money orders obtained from Comerica were the money orders for the Hutaree DIAS and the undercover DIAS purchased by the ATF. Those records establish that Dodson sold hundreds of DIASs each year from 2006 to 2011.

As the investigation wound down, ATF agents obtained search warrants for Dodson's apartment and vehicle, as well as an arrest warrant for Dodson. On August 16, 2011, ATF searched Dodson's apartment and his vehicle. Evidence obtained during the execution of those search warrants led to search warrants for three (3) of Dodson's storage units in the metro-Detroit area. During the execution of the various search warrants on August 16, 2011, agents recovered:

* 40 DIASs;
* 8 other machine guns;
* 1 silencer;
* numerous written documents made by Defendant related to machine guns and other firearms;
* a metal punch with the letters "S" "P" and "O";
* a drill press, drill bit, and other tools used to make the DIASs;
* Dodson's "show kit" where he sold and advertised his DIASs at gun shows;
* Dodson's briefcase, which Dodson was carrying at the time of his arrest, and which contained 3 DIASs ready to be mailed;
* books and other documents related to silencers;
* envelopes, insurance slips, and other documents evidencing Dodson's lengthy history selling DIASs;
* dozens of cassette recordings of telephone conversations between Dodson and his potential customers;

3

    \*        hundreds of firearms and tens of thousands of rounds of ammunition.

The suspected machine guns were sent for tests by the ATF. Firearms Enforcement Officer Michael Powell tested the DIASs and other suspected machine guns. Mr. Powell concluded that the DIASs met the definition of machine gun under Title 26, as did eight (8) other firearms possessed by Dodson. Despite Dodson's advertisements and mailings, he is not a licensed dealer or manufacturer of firearms.

### III
### POTENTIAL LEGAL ISSUES

A.    EXPERT WITNESSES

Most of the facts of this case are undisputed. The principle area of dispute lies in whether Dodson's DIASs and the other firearms alleged to be machine guns in the superseding indictment meet the definition of machine gun under 26 U.S.C. § 5845(b). On that score, the government will offer the testimony of two opinion (expert) witnesses: (1) Michael C. Powell, Firearms Enforcement Officer for the ATF, who tested the firearms seized from Dodson's locations on August 16, 2011; and (2) Christopher Bartocci, a small arms expert with specific expertise in the M16 family of weapons (including M16 machine guns and its semi-automatic counterpart the AR 15).

Mr. Powell will testify that he tested the firearms seized on August 16, 2011, and tell the jury of his findings. Mr. Bartocci will testify about the history and characteristics of M16s and AR 15s, and he will tell the jury the usefulness (or lack thereof) of DIASs for AR 15s. It is expected that Mr. Bartocci will conclude that the sole purpose of Dodson's DIASs are for use in converting an AR 15 into a machine gun. Pursuant to Federal Rule of Criminal Procedure 16, the government has provided notice–both orally and in writing–of the training, experience, and qualifications of both Mr. Bartocci and Mr. Powell. Likewise, the government has provided an overview of the proposed testimony of each witness (and for Mr. Powell, the reports he has written related to the testing of the machine guns alleged in the indictment). *See generally* Fed. R. Crim. P. 16(a)(1)(G).

For his part, Dodson has hired David Brundage, a firearms expert. Dodson has provided the government with notice of the qualifications of Mr. Brundage, as well as copies of the reports Mr. Brundage authored related to this case.

As part of its proposed jury instructions, the government will recommend instructions about the jury's consideration of the opinion (expert) witness testimony they will hear. Those instructions will be based on Federal Rules of Evidence 702-706. The government requests that the Court incorporate opinion witness testimony instructions into the final jury charge, as well as any other instructions regarding this important topic that may be necessary as the trial progresses.

B.  STIPULATIONS

In an attempt to streamline the trial, the parties have conferred and reached several stipulations. The parties will stipulate as to the chain of custody of the evidence; Dodson's ownership of the bank account for Su-Press-On and for the Su-Press-On business; that Dodson is not a licensed manufacturer or dealer of firearms or machine guns; that Dodson did not register any of the purported firearms (or the silencer) alleged in the First Superseding Indictment; and that Dodson was the sole renter of the storage lockers searched on August 16, 2011.

The government will propose jury instructions regarding the meaning of these stipulations and their effect on the trial. The government requests that the Court provide those instructions to the jury, as well as any other instructions related to this topic that may become necessary during trial.

C.  SUMMARY EXHIBITS

Pursuant to Federal Rule of Evidence 1006, the government will use a summary, chart, and calculation to prove the content of the voluminous bank records of Su-Press-On, Inc., that were subpoenaed during the course of this investigation. The preconditions of admitting a Rule 1006 summary chart have been met here. First, the documents are "voluminous" such that they "cannot conveniently be examined in court" by the trier of fact. *See United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998). Second, the government (being the proponent of the summary) has made the underlying bank

records "available for examination or copying, or both" by the defense "at a reasonable time and place." Fed. R. Evid. 1006. Third, the bank records themselves are admissible in evidence. *See Bray*, 139 F.3d at 1109-10. The parties have stipulated that Dodson is the sole owner and operator of Su-Press-On, Inc., and the contents of the Su-Press-On bank account that is summarized by the Rule 1006 exhibit. Fourth, the summary document offered by the government will be "accurate and nonprejudicial." *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986). Fifth, and finally, the summary document will be "properly introduced before it [will] be admitted into evidence." *Martin v. Funtime, Inc.*, 963 F.2d 110, 115-16 (6th Cir. 1992) (quotations omitted). In order to lay the proper foundation for the summary exhibit, the government will offer the testimony of the witness who prepared the summary. *See United States v. Scales*, 594 F.2d 558, 562-63 (6th Cir. 1979).

With these preconditions met, the Rule 1006 summary exhibit should be admitted into evidence and may go to the jury room like any other exhibit. *See Bray*, 139 F.3d at 1110. And, given the uncontroversial nature of the Rule 1006 summary exhibit in this case, the government does not intend on offering the underlying documents into evidence. Rule 1006 allows for this approach and it is plain that a summary admitted under Rule 1006 is itself the evidence that the trier of fact should consider. *See id*.

D.  SELF-SERVING HEARSAY

As indicated above, the ATF seized many documents related to Dodson's manufacturing and dealing in firearms during the August 16, 2011, raids. Some of those written statements by Dodson are admissible, non-hearsay statements, when offered by the government as statements of a party opponent under Federal Rule of Evidence 801. *See* Fed. R. Evid. 801(d)(2)(A) ("A statement that meets the following conditions is not hearsay . . . The statement is offered against an opposing party and was made by the party.").

However, Dodson cannot offer other writings or statements he has made previously because they are hearsay under Rule 801. Rule 801(d)(2)(A) applies only to statements offered by the party opponent,

not by the party himself. Accordingly, Dodson may not offer any writings or other documents that offer self-serving hearsay.

E.     MOTIONS IN LIMINE

Today, the government will file a motion in limine seeking to exclude the defense from arguing that he is not guilty of currently possessing DIASs because Dodson allegedly possessed those DIASs prior to 1981. The Court had previously set a hearing on motions in limine for the day before trial commences, May 7, 2012.

F.     DISCOVERY

To date, the government has provided nearly 750 pages of discovery, as well as several CD-Roms (including a recording of Dodson at the Knob Creek machine gun shoot). The government has also made the physical evidence in this case (including the firearms charged, the firearms not charged, and the boxes of evidence seized from Dodson during the execution of the several search warrants on August 16, 2011) available for review. Moreover, the government has produced prior statements of the witnesses pursuant to the Jencks Act, *see* 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2, including the case agent's grand jury testimony. Although the requirements of the Jencks Act do not apply until after a witness testifies, the government has produced Jencks Act material in order to avoid delay at trial.

However, as the government continues to prepare this case for trial, additional discoverable material may become known to the government. The government will continue to honor its discovery obligations going forward.

G.  SEQUESTRATION OF WITNESSES

With the exception of the case agent, Special Agent Jason Cox of the Alcohol Tobacco Firearms and Explosives ("ATF"), and the expert witnesses noted above, the government requests that all witnesses be sequestered from the courtroom prior to testifying.

        Respectfully submitted,

        BARBARA L. McQUADE
        United States Attorney

        s/Kevin M. Mulcahy
        KEVIN M. MULCAHY
        DOUGLAS SALZENSTEIN
        Assistant United States Attorneys
        211 West Fort Street, Suite 2001
        Detroit, MI  48226
        Telephone:     (313) 226-9713
        Facsimile:     (313) 226-2372
        E-mail: Kevin.Mulcahy@usdoj.gov

Dated: April 30, 2012

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

     Sanford Schulman, Esq.

     <u>s/Kevin Mulcahy</u>
     KEVIN M. MULCAHY
     Assistant United States Attorney
     211 West Fort Street, Suite 2001
     Detroit, MI 48226
     (313) 226-9713
     E-mail: Kevin.Mulcahy@usdoj.gov