UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George A. Dodson, III,

               Petitioner,

v.

                                Criminal Case No. 11-20548

                                Civil Case No. 14-10989

United States of America,               Honorable Sean F. Cox

               Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION PURSUANT TO 28
U.S.C. SECTION 2255 (Doc. #82)**

      This is a letter written *pro se* construed by this Court to be a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (Petr.'s Mo., Doc. #82; *see also* Doc. #84: Order Construing Petitioner's September 3, 2013, Filing as a Petition Pursuant to § 2255).  George Arthur Dodson III ("Petitioner") alleges that he was rendered ineffective assistance of counsel in violation of his Sixth Amendment rights.  Petitioner maintains that his attorney, Sanford Schulman ("Schulman"), unduly pressured him into entering a guilty plea for the purpose of bringing the case before a higher court.  Accordingly, Petitioner requests to withdraw his guilty plea, be appointed new defense counsel, and retried.  For the reasons set forth below, the Court shall DENY Petitioner's motion.

**BACKGROUND**

      George Arthur Dodson III ("Petitioner") is currently serving a three-year sentence for the unlawful transfer of a machine gun, in violation of 18 U.S.C. § 922(o).  In March 2010, the FBI executed a search warrant in Clayton, Michigan pertaining to a Michigan militia group known as the "Hutaree."  Several firearms were seized during the search.  Of the many firearms recovered

was an AR-15 style semi-automatic rifle that had been converted into a fully automatic machine gun by the use of a drop in auto sear. A drop in auto sear is a small device used to convert a semi-automatic firearm into a fully automatic firearm. (Doc. #77: Sentencing Hearing Trans. at 129; *see also* ATF Ruling 81-4). The drop in auto sear found in the gun was stamped with the initials "SPO." Moreover, searchers found a napkin containing the phone number for Petitioner along with the words "Su Press On."

Following an investigation, it was discovered that Petitioner was the sole owner and operator of Su Press On, Inc. ("SPO"). Petitioner was in the business of selling drop in auto sears through an advertisement in the magazine, "The Shotgun News." (PSR ¶¶ 13-14).

In March 2011, an undercover ATF agent ("Allen") answered the SPO advertisement and ordered a drop-in auto sear. (PSR ¶ 14). Petitioner subsequently sent Allen a drop in auto sear that bore no serial number. (PSR ¶ 14).

On August 16, 2011, the ATF executed search warrants of Petitioner's vehicle, apartment, and rented storage units. Upon executing the search warrants, agents recovered 40 drop in auto sears as well as thousands of rounds of ammunition and various other firearms. (Doc. #64: Government's Sentencing Memorandum at 2-3).

On October 11, 2011, a grand jury returned a 151-count superseding indictment against Petitioner, charging him with several firearms-related crimes. (Doc. #19: First Superseding Indictment).

On May 10, 2012, Petitioner pleaded guilty to Count One of the superseding indictment, charging him with unlawful transfer of a machine gun, in violation of U.S.C. § 922(o). (Doc. #76: Plea Hearing Trans. at 23-24). The transcript of the Plea Hearing provides in pertinent parts:

THE COURT: Mr. Dodson, have you heard the charges that have been made against you?

DODSON:  Yes, sir.

THE COURT: And have you discussed these charges as well as the sentencing consequences of these charges with your attorney, Mr. Schulman?

DODSON: Yes, sir.

THE COURT:  And has Mr. Schulman answered each and every question that you've had regarding the charges as well as the sentencing consequences of these charges?

DODSON: Yes, sir.

(Doc. #76: Plea Hearing Trans. at 11-12).

THE COURT: Now, before you signed Exhibit One [Rule 11 Agreement], did you review Exhibit One [Rule 11 Agreement] as well as the attached worksheets with Mr. Schulman?

DODSON: Yes, sir.

THE COURT: And before you signed Exhibit One [Rule 11 Agreement], did Mr. Schulman answer each and every question that you had regarding anything contained in the Rule 11 Agreement as well as the attached worksheets?

DODSON: Yes, sir.  We had – I had lots of questions and he's a pretty good lawyer.

THE COURT:  Okay.  So did he answer each and every question that you had?

DODSON: Yes, sir.

(Doc. #76: Plea Hearing Trans. at 13).

THE COURT: All right.  And has Mr. Schulman answered each and every question that you've had regarding your case?

DODSON: Yes, sir.

THE COURT: And are you satisfied with the advice and service that Mr. Schulman has provided to you in your case?

3

DODSON: Yes, sir.

(Doc. #76: Plea Hearing Trans. at 14).

Petitioner subsequently appealed his sentence to the Sixth Circuit, objecting to the sentencing enhancements imposed and the reasonableness of his sentence.  Petitioner also made objections to the pre-trial rulings of the district court; however, these were not considered as Petitioner had waived his right to appeal his conviction pursuant to Rule 11 of Criminal Procedure.  The Sixth Circuit ultimately affirmed the sentence imposed by this Court.  *United States v. Dodson*, 519 Fed. App'x 344 (6th Cir. 2013).

On September 3, 2013, Petitioner filed a letter with this Court requesting to withdraw his guilty plea because he was allegedly rendered ineffective assistance of counsel.  (Petr.'s Mo., Doc. #82).

This letter was subsequently construed by this Court to be a motion to vacate sentence pursuant to section 2255.  (Doc. #84: Order Construing Petitioner's September 3, 2013, Filing as a Petition Pursuant to § 2255).

On April 16, 2014, the Government ("Respondent") filed a response to Petitioner's section 2255 motion requesting it be denied.  (Doc. #85).

Petitioner has not filed a reply.

## STANDARD OF DECISION

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## ANALYSIS

Ineffective assistance of counsel claims are governed by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to demonstrate ineffective assistance of counsel, a petitioner must show both that defense counsel's performance was deficient, and that petitioner suffered prejudice as a result. *Id.* at 687.

In *Strickland*, the Court first held that "the proper standard for attorney performance is that of reasonably effective assistance." *Id.* "The postconviction court makes every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 16A Fed. Proc., L. Ed. § 41:441.

As to the second prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The *Strickland* standard also pertains to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). With respect to guilty pleas, the first prong of the *Strickland* standard merely requires reasonably effective assistance as previously noted. *Id.* Thus, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal

5

cases.'"  *Strickland*, 466 U.S. at 687 (*quoting McMann v. Richardson*, 397 U.S. 759, 768 (1970)).

The second prong, or "prejudice" requirement, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.

**1)**   **Petitioner Has Failed To Meet The Two Prongs Of The *Strickland* Test.**

Petitioner's motion is premised on the ineffectiveness of his trial attorney, Sanford Schulman ("Schulman").  Accordingly, the *Strickland* standard applies.

Petitioner alleges that Schulman advised him to enter a guilty plea for the purpose of bringing the case before a higher court in order to overturn this Court's evidentiary rulings. (Petr.'s Mo., Doc. #82 at 1).  Petitioner contends that he "strongly disagreed with his attorney on the matter of pleading guilty to anything at all, as all of the charges were false."  (Petr.'s Mo., Doc. #82 at 2).  Petitioner further alleges wrongdoing on the part of the Judge as he was demanded to "admit to many false claims made against him, and his properties and activities." (Petr.'s Mo., Doc. #82 at 2).  Finally, Petitioner alleges error on the part of Schulman because he did not allow Petitioner to personally cross-examine the ATF's expert.  (Petr.'s Mo., Doc. #82 at 3).

The Court finds that, based on the plea hearing transcript, Petitioner was not rendered ineffective assistance of counsel.  Nor was Petitioner's guilty plea was anything less than informed and voluntary.  Accordingly, this Court shall DENY Petitioner's motion to withdraw his guilty plea under section 2255.

**A)      The First Prong Of The *Strickland* Standard Is Not Met Because Petitioner's Counsel Acted In A Professionally Reasonable Manner.**

The Court finds that the first prong of the *Strickland* standard has not been satisfied.  The transcript of the plea hearing clearly indicates that Schulman's conduct was not professionally unreasonable and that Petitioner was, in fact, content with his representation.

Petitioner vaguely alleges that Schulman advised him to "enter a strictly temporary guilty plea for the sole purpose of getting this case before a higher court, in order to get that court to overturn the local judge's rulings. . . ." (Petr.'s Mo., Doc. #82 at 1).  However, Petitioner knew from the Rule 11 Plea Agreement that he was waiving his right to appeal his conviction, as is clearly evidenced by the Plea Hearing Transcript.  (Doc. #76: Plea Hearing Trans. at 21-22).

Moreover, Petitioner voluntarily acknowledged before this Court that he thought Schulman was "a pretty good lawyer."  (Doc. #76: Plea Hearing Trans. at 13).  Petitioner clearly stated that he chose to plead guilty because he was in fact guilty of the crime charged.  (Doc. #76: Plea Hearing Trans. at 23).  Accordingly, there is no factual basis to support Petitioner's claim that the plea was based on poor advice given by his attorney.

**B)      The Second Prong Of The *Strickland* Standard Is Not Met Because Petitioner Was Not Prejudiced By The Acts Of His Counsel.**

Petitioner's claim of ineffective assistance of counsel also fails because Petitioner was not prejudiced by the acts of his counsel, Sanford Schulman.  In order to satisfy the "prejudice" requirement in the context of guilty pleas, there must be an error on the part of counsel which prompted the defendant to plead guilty.  *See Hill*, 474 U.S. at 56.  Petitioner does not allege any unreasonable conduct on Schulman's part that caused Petitioner to plead guilty.   Rather, Petitioner merely alleges, without factual support, that he was unduly pressured into entering a "strictly temporary guilty plea" for the purpose of appeal.  (Petr.'s Mo., Doc. #82 at 1-2).  Aside

from this broad, wholly unsupported allegation, Petitioner does not offer any actual evidence of errors committed by counsel.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (*quoting North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). The plea appears to be an intelligent choice when faced against overwhelming evidence and a potentially costly trial.

As Petitioner admitted, he pleaded guilty to Count One of the superseding indictment because he was in fact guilty of the crime charged.  (Doc. #76: Plea Hearing Trans. at 23). Moreover, the plea ultimately proved beneficial to Petitioner because this Court sentenced him to 36 months in custody in variance from the 97-120 month range as suggested by the guidelines. (Doc. #77: Sentencing Hearing Trans. at 103, 129-134).  Accordingly, there is no evidence supporting the contention that Petitioner's guilty plea was premised upon ineffective assistance of counsel.  Rather, Petitioner acknowledged his guilt and chose to accept a beneficial plea agreement.  Thus, the second prong of the *Strickland* standard has not been satisfied.  For the reasons set forth above, this Court shall DENY Petitioner's Motion Pursuant to 28 U.S.C. section 2255.

## CONCLUSION

Based on the foregoing, this Court shall DENY Petitioner's Motion To Vacate, Correct or Amend his Sentence Pursuant to 28 U.S.C. § 2255.


Dated:  October 2, 2014                    S/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George A. Dodson, III,

                Petitioner,

v.

                                          Criminal Case No. 11-20548

                                          Civil Case No. 14-10989

United States of America,                   Honorable Sean F. Cox

                Respondent.

_____/

PROOF OF SERVICE

      I hereby certify that on October 2, 2014, the foregoing document was served on counsel of record via electronic means and upon George A. Dodson, III, via First Class mail at the address below:

George A. Dodson 16344-039
P.O. Box 1000
Loretto, PA 15940

                                         S/ Jennifer McCoy_____
                                         Case Manager